UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 06-163-HRW

CHARLES BLAKEY                                                                                    PLAINTIFF

VS:                                    **MEMORANDUM OPINION AND ORDER**

GARY BECKSTROM, ET AL.                                                                DEFENDANTS

    Charles Blakey ("Blakey") filed a *pro se* 42 U.S.C. §1983 complaint in the Western District of Kentucky on November 29, 2006 [Record No. 2]. Because venue over the action lies properly within this District under 28 U.S.C. §1391(b), by Order dated December 11, 2006, that Court transferred the case to the Ashland Division of this Court pursuant to 28 U.S.C. §1406(b). The Court has granted Blakey's application to proceed *in forma pauperis* by separate Order.

    The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Blakey is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

**I.    Background**

    The claims asserted in Blakey's complaint arise out of events at the Eastern Kentucky Correctional Complex ("EKCC") from June 2, 2006, to July 5, 2006. Blakey alleges that on and

after June 2, 2006, defendant Newsome refused to acknowledge his use of the call button in his cell, and then became verbally abusive. Thereafter, on July 1, 2006, defendants Stevens and Officer Kozzee took Plaintiff to a holding cell, stripped him naked, and didn't want to give him water, toilet paper, or a shower for 4-5 days. Blakey alleges that at some point in June 2006, he tried to tell Dr. Greenly that he was having trouble with his medication, and then on July 5, 2006, he fell off his upper bunk and hit his head after having received his medication for the first time earlier that day. Blakey alleges that on July 2, 2006, several officers entered his cell and, completely unprovoked, were rough with him and used a shield to smash him against a wall, causing a muscle spasm in his neck. Finally, Blakey complains that the warden was unprofessional and gave him no positive feedback about his medical concerns.

In his complaint, Blakey alleges that EKCC has a grievance procedure, but that he did not invoke it because he was unexpectedly transferred to his current place of confinement at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. In the Certificate of Inmate Account filed by Blakey with his motion to proceed in forma pauperis [Record No. 3], the certifying officer indicates that Blakey was transferred to KSP on August 4, 2006.

## II. Discussion

42 U.S.C. §1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). It is the prisoner who must demonstrate that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To do so, the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative

remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

The transfer of a prisoner from one facility to another does not render the grievance procedures at the transferor facility "unavailable" for purposes of exhaustion. *Santiago v. Meinsen*, 89 F.Supp.2d 435, 441 (S.D.N.Y. 2000). Blakey's claims are plainly grievable under the Kentucky Department of Corrections' ("KDOC") Corrections Policies and Procedures ("CPP") 14.6(II)(B)(1), (4), (5), (6). Blakey acknowledges that he did not invoke, let alone exhaust, the grievance procedures available at EKCC with respect to any of his claims. Because Blakey's complaint establishes that he did not satisfy the exhaustion requirement prior to filing his complaint, it must be dismissed without prejudice. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999); *Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002).

**III.   Conclusion**

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)   Plaintiff Charles Blakey's complaint is **DISMISSED**, without prejudice.

(2)   The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This January 24, 2007.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge